UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

                          Plaintiff,

                                                      Crim. No. 08-162 (RHK/RLE)
                                                             **ORDER**

v.

David Leroy Rehm,

                          Defendant.

---

For the reasons stated on the record at the September 29, 2008 hearing in this matter, **IT IS ORDERED** as follows:

    1.    Defendant's Motion to Preclude Testimony of Government's Proposed Expert (Doc. No. 60) is **GRANTED** and Defendant's Motion for a <u>Daubert</u> Hearing (Doc. No. 61) is **DENIED AS MOOT**; and

    2.    The Government's Motion in Limine (Doc. No. 70) is **GRANTED IN PART** and **DENIED IN PART**, as follows:

        a.    The Motion is **GRANTED** with respect to (1) the 911 call (part 1 of the Motion), (2) the statements made by the victim immediately after police arrived at her residence (part 2 of the Motion), (3) the jail-cell calls made by the Defendant (part 3 of the Motion), (4) the request to limit cross-examination of Government witnesses (part 5

of the Motion),[1] (5) sequestration of witnesses (part 6 of the Motion)[2], and (6) references to potential punishment (part 7 of the Motion);

      b.    The Motion is **DENIED** with respect to the statements made by the victim approximately 75 minutes after police arrived at her residence (part 2 of the Motion); and

      c.    The Motion is **TAKEN UNDER ADVISEMENT** with respect to the Rule 404(b) "other crimes" evidence (part 4 of the Motion).

Dated: October 1, 2008

                                                                               s/Richard H. Kyle
                                                                               RICHARD H. KYLE
                                                                               United States District Judge

---

[1] The Court has reviewed the Government's post-hearing submission concerning the two witnesses with prior convictions and concludes that those prior convictions are not appropriate for impeachment purposes under Federal Rule of Evidence 609.

[2] As noted at the hearing, however, the Government's case agent will be permitted to sit at counsel's table, as will Defendant's investigator, for the duration of the trial.